# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-713V

|  |  |
|---|---|
| MARY ANN NGUYEN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: July 25, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Sean Franks Greenwood, Greenwood Law Firm, Houston, TX, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Mary Ann Nguyen, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccination administered to her on September 27, 2020. Petition, ECF No. 1. On March 27, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 48.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $12,142.94 (representing $11,434.40 in fees plus $708.54 in costs). Application for Attorney's Fees and Costs ("Motion") filed April 5, 2024, ECF No. 50. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out of pocket expenses. *Id.* at 2.

Respondent reacted to the motion on April 19, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 51. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorney Sean Greenwood and associates for all time billed through the end of 2023 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Mr. Greenwood's requested hourly rate of $575 for time billed in 2024, however, requires adjustment.

Mr. Greenwood has been a licensed attorney for 33 years, placing him in the Fees range of ($523 - $584) per hour for attorneys with 31+ years' experience based on the OSM Attorneys' Fee Schedules.[3] Mr. Greenwood has also acknowledged that he has been practicing in the Vaccine Program for 19 years. ECF No. 50 at 12.

For time billed in 2023, Mr. Greenwood was awarded $498 per hour. *See Faske* v. *Sec'y of Health & Hum. Servs*., No. 20-0106, Slip Op 65 (Fed. Cl. Spec. Mstr. May 12, 2023). Although Mr. Greenwood's requested rate of $575 for 2024 falls in the appropriate range for an attorney of his level of experience, I find the requested increase of $77 from the previous year to be excessive. Thus, based on the factors relevant to determining proper hourly rates for Program attorneys, **I find it reasonable to award Mr. Greenwood the lesser rate of $545 per hour for all time billed in 2024**, representing a more modest increase of $47 from the previous year. Application of the foregoing results in a reduction in attorney's fees to be awarded of **$30.00**.[4]

Furthermore, I have reviewed the requested costs. Petitioner has provided supporting documentation for all claimed costs. ECF No. 49-3. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$12,112.94 (representing $11,404.40 in fees plus $708.54 in costs) as a lump sum in the form of a check**

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[4] This amount consists of ($575 - $545 = $30 x 1.00hrs. = $30.00).

jointly payable to Petitioner and Petitioner's counsel, **Sean F. Greenwood.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.